UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERDELLA STRONG,

               Petitioner,               Case Number 18-10275
                                                 Honorable David M. Lawson

v.

SHAWN BREWER,

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Berdella Strong can be characterized as an habitual criminal in every sense of the term. Her record includes 10 felonies and 14 misdemeanors. Her crime of choice is shoplifting; 17 of those prior convictions involved stealing merchandise from stores. But when she came before a circuit court judge in Oakland County, Michigan in February of 2013 after pleading guilty to first-degree retail fraud and contributing to the delinquency of a minor, the judge, "convinced by her eloquent words and passionate plea for help," treated her with leniency and sentenced her to a year in jail followed by four years of probation.

Proving the maxim that past is prologue, Strong offended again after she completed her jail term by, among other things, shoplifting, thereby violating her probation. Out of patience, the circuit court judge imposed a prison sentence of six to 66 years. In her present habeas corpus petition, Strong challenges her sentence as disproportionate in violation of the Eighth Amendment. The Court finds no merit in her argument and will deny the petition.

I.

Strong's first-degree retail fraud and contributing to the delinquency of a minor convictions resulted from a December 15, 2012 incident where she, her husband Damon Strong, and their

juvenile son, Jul-Yon Zan Strong, went into a T.J. MAXX store and stole a number of items. Because of her extensive criminal record, Strong was convicted of being a fourth felony habitual offender. Her attorney negotiated a plea agreement that restricted her sentence exposure to the bottom half of the sentencing guideline range, which nonetheless would have required a prison term. But, as noted above, the sentencing judge was impressed by Strong's expression of remorse, and recognition of her own need for treatment, and her commitment to change her ways. The judge sent Strong to jail, not prison, and required probationary oversight to ensure that she would be true to her word. The judge warned Strong, however, that she would be sent to the Department of Corrections if she violated her probation.

While on probation, Strong was arrested again for a number of offenses, which included shoplifting. On March 31, 2016, she pleaded guilty to speeding, but then she fled the courtroom when she learned that the sentencing recommendation included a one-year sentence. Strong returned to court on June 2, 2016, and pleaded guilty to additional violations of her probation for first-degree retail fraud, another driving while license suspended conviction, and possession of cocaine and marijuana. On June 16, 2016, the court sentenced her as a fourth habitual offender to six to 66 years in prison. Because she was formally charged as a fourth habitual offender, her maximum sentence exposure was life in prison.

The Michigan Court of Appeals denied Strong's application for leave to appeal in a form order, citing lack of merit in the grounds presented. *People v. Strong*, No. 335079 (Mich. Ct. App. Nov. 15, 2016). She filed an application for leave to appeal in the Michigan Supreme Court, which was denied on October 31, 2017. *People v. Strong*, 501 Mich. 907, 902 N.W.2d 616 (2017) (table).

Strong filed a timely petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254, in which she raised a single issue: the sentence in this case is disproportionate. The state opposes the petition on the merits.

## II.

Certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable."

*Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

Even though the state appellate courts did not give full consideration to Strong's argument on appeal, AEDPA's highly deferential standard for reviewing a habeas petitioner's constitutional claim applies here. To repeat, Strong must show that "the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law' or involved an 'unreasonable determination of the facts.'" *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017) (quoting 28 U.S.C. § 2254(d)). Despite the lack of a reasoned decision by the state court of appeals, this Court must assume that it rejected the petitioner's claims on the merits in its summary order, triggering AEDPA's deferential standard of review. *Harrington*, 562 U.S. at 98 (holding that "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief"); *Carter v. Mitchell*, 829 F.3d 455, 468 (6th Cir. 2016) (holding that the deferential standard applies "even when a state court does not explain the reasoning behind its denial of relief"). The Supreme Court has held that when a claim is presented for adjudication to a state court, there is a presumption "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99. "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 99-100. The record does not suggest any alternative explanation in this case. *See Johnson v. Williams*, 568 U.S. 289, 302-04 (2013).

Strong contends here that her prison sentence violates the Eighth Amendment, because subjecting a nonviolent offender, such as herself, to overcrowding and harsh prison conditions constitutes cruel and unusual punishment. She believes that her six-year minimum prison sentence (and of course her maximum 66-year sentence) is disproportionate to the offenses of conviction.

The warden argues that Strong is not entitled to federal relief because there is no constitutional right to a proportional, individualized sentence.

The State is not entirely correct. It is true that a plurality of the Supreme Court declared that there is no constitutional right to strict proportionality in non-capital sentencing. *Harmelin v. Michigan,* 501 U.S. 957, 966-75 (1991). However, the Eighth Amendment does prohibit "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J., concurring) (citation omitted); *see also id.* at 997 (Kennedy, J., concurring) ("Our decisions recognize that the Cruel and Unusual Punishments Clause encompasses a narrow proportionality principle.").

Nonetheless, a habeas petitioner challenging the severity of a prison sentence on Eighth Amendment grounds faces a formidable task. The petitioner must find clearly established Supreme Court precedent and demonstrate that the state court unreasonably applied — or misapplied — it. 28 U.S.C. § 2254(d)(1)-(2). But the Supreme Court itself has acknowledged "that [its] precedents in this area have not been a model of clarity." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). "Indeed, in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." *Ibid.* In the parlance of AEDPA's deferential review criteria, the Supreme Court has declared that the general applicability of the proportionality rule to term-of-years sentences was clearly established, but it acknowledged its failure to chart a clear course for lower courts to follow in applying it. *Ibid.* The Supreme Court concluded that "the only relevant clearly established law

amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Id*. at 73.

The Court's cases demonstrate the difficulty in practice applying the gross disproportionality principle. In *Solem v. Helm*, 463 U.S. 277 (1983), the Supreme Court invoked the Eighth Amendment to invalidate a life sentence imposed under a recidivist statute upon a defendant for passing a $100 no-account check. He had been convicted of three prior nonviolent felonies. The Court held that Helm's "sentence is significantly disproportionate to his crime, and is therefore prohibited by the Eighth Amendment." *Id*. at 303. The Court reached the opposite result three years earlier in *Rummel v. Estelle*, 445 U.S. 263 (1980), where the Court upheld life sentence imposed under Texas's recidivist statute against a challenge that it was grossly disproportionate to the theft felonies that formed the predicate for the sentence. In *Harmelin v. Michigan*, decided in 1991, the Court, on direct review, left intact Michigan's mandatory life-without-parole sentence for certain repeat drug offenders. 502 U.S. at 996. And the Court noted in *Lockyer* that after *Harmelin* there is a general consensus that the Cruel and Unusual Punishment Clause of the Eighth Amendment forbids only an extreme disparity between crime and sentence, that is, sentences that are "grossly disproportionate" to the crime. *Lockyer*, 538 U.S. at 72; *see also Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring).

In this case, Strong has not been able to point to a Supreme Court precedent that the state courts failed to apply reasonably. *Solem v. Helm* would not help her. The sentence in that case was life in prison, a far cry from Strong's six-year minimum sentence. Nor does *Lockyear* provide her with any support. In that case, the Supreme Court reversed the Ninth Circuit's grant of a writ of habeas corpus to a petitioner that received two twenty-five-years-to-life sentences imposed

under California's "three strikes" law, where the triggering felony was the theft of $ 150 worth of video tapes. The Court described the "thicket" created in its Eighth Amendment jurisprudence by *Solem v. Helm*, *Harmelin v. Michigan*, and *Rummel v. Estelle*. *Lockyer*, 538 U.S. at 72. The state court in Andrade's case indicated that the proportionality rule enunciated in *Solem* was cast into doubt by *Harmelin* and proceeded to analyze Andrade's sentence under the approach taken in *Rummel*. *Id.* at 68-69. The California court concluded that Andrade's sentence was not disproportionate. *Id.* at 69. The Supreme Court held that this decision was not contrary to or an objectively unreasonable application of federal law that was clearly established by the Supreme Court. *Id.* at 72-77.

"Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel*, 445 U.S. at 272. Rummel was convicted of obtaining $ 120.75 by false pretenses, a crime punishable by at least two years, but not more than ten years in prison. *Id.* at 266. He was sentenced as a recidivist to life imprisonment with the possibility of parole. *Ibid.* His two prior felonies consisted of fraudulent use of a credit card to obtain $ 80 worth of goods and services, a felony punishable by two to ten years in prison; and passing a forged check for $ 28.36, a crime punishable by two to five years in prison. The Supreme Court held that Rummel's life sentence under the state recidivist statute did not constitute cruel and unusual punishment.

In the present case, Strong was sentenced as a recidivist after she violated probation by committing yet another shoplifting (and narcotics) offense. Her criminal record was extensive and peppered with similar offenses. She added to her 10 felonies and 14 misdemeanors when she committed additional offenses while on probation. As a fourth felony habitual offender, she could have been sentenced to life in prison. *See* Mich. Comp. Laws § 769.12(1)(b).

The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek,* 65 F.3d 60, 62 (6th Cir. 1995); *see also Hutto v. Davis,* 454 U.S. 370, 374 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and that successful challenges to the proportionality of particular sentences should be exceedingly rare") (quotation marks and citations omitted); *United States v. Williams,* 15 F.3d 1356, 1364 (6th Cir.1994) (holding that generally, a sentence within statutory limitations does not violate the Eighth Amendment). Strong's six-to-66-year prison sentence fell within the maximum sentence set by state law. "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)).

Considering "the vagueness of the gross-disproportionality principle" and the admonition that the principle is "applicable only in the 'exceedingly rare' and 'extreme' case," it is hard to see how the state courts unreasonably applied clearly established law in rejecting Strong's proportionality claim. *See Smith v. Howerton*, 509 F. App'x 476, 484 (6th Cir. 2012) (unpublished) (quotation marks omitted). Strong is not entitled to habeas relief on her sentencing proportionality claim.

### III.

The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that she is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   December 28, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 28, 2018.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI